IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED HERITAGE PROPERTY AND CASUALTY COMPANY, an Idaho corporation<br><br>          Plaintiff,<br><br>     v.<br><br>FARMERS ALLIANCE MUTUAL INSURANCE COMPANY, a foreign corporation<br><br>          Defendant. | Case No.  1:CV 10-456-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it a motion to compel filed by plaintiff United Heritage, and a motion to quash subpoena to produce documents filed by defendant Farmers Alliance Mutual Insurance Company (FAMI).  The motions are fully briefed and at issue.  United Heritage seeks certain documents from FAMI that FAMI claims are protected by the attorney client privilege.  The Court issued an earlier decision resolving some issues, but reserving other issues pending a review *in camera* of the documents at issue.  The Court has now reviewed the documents *in camera* and finds, based on that review, and in light of the rulings made in the Court's earlier decision, that the documents are privileged and do not fall within the fraud exception to the privilege.  Accordingly, the Court will deny

United Heritage's motion to compel and grant FAMI's motion to quash. The Court's analysis is set forth in more detail below.

## ANALYSIS

The Court will not repeat in full the factual background of this case that was fully set forth in the Court's prior decision. To summarize, United Heritage filed this lawsuit, alleging, among other claims, that defendant FAMI engaged in bad faith in failing to represent Rentmaster, its insured, and committed fraud by concealing its obligations to Rentmaster. United Heritage stands in the shoes of Rentmaster by virtue of an assignment. In discovery, United Heritage sought correspondence between FAMI's counsel, John Bailey, and FAMI's insurance adjustors, on the ground that the material might contain evidence that FAMI knew Rentmaster was an insured and was trying to hide or avoid its obligations to Rentmaster.

In its earlier decision, the Court held that it needed to conduct an *in camera* inspection of the documents asserted as privileged to determine if the fraud exception contained in Idaho Rule of Evidence 502(d)(1) applied. That Rule states that documents otherwise privileged lose that status if they fall within the following provision:

> **Furtherance of Crime or Fraud.** If the services of the lawyer were sought or obtained to enable or aid anyone to commit or plan to commit what the client knew or reasonably should have known to be a crime or fraud.

As the Court held in its earlier decision, the determination of whether communications were in aid of fraud is a preliminary question of fact pursuant to Federal Rule of Evidence 104(a), and the burden of proving preliminary facts under Rule 104(a) is on the opponent

of the privilege claim, United Heritage.

The Court further held that the burden that United Heritage must satisfy – to obtain outright disclosure of the documents – is to show by a preponderance of the evidence that FAMI retained and/or enabled Bailey to commit a fraud. *In re Napster*, 479 F.3d 1078 (9th Cir 2007) *abrogated on other grounds*, 130 S.Ct. 599(2009). Thus, the Court must determine whether that showing is made in these documents.

The Court's examination shows that the documents are protected by the attorney client privilege under Idaho Rule of Evidence 502(b) because they are communications between FAMI's attorney and FAMI's insurance adjustors for the purpose of obtaining legal advice about a specific dispute that was clearly heading to litigation, and later did end up in litigation. *See also, Upjohn Co. v. United States*, 449 U.S. 383 (1981) (finding communications made by corporate employees to corporate counsel seeking legal advice were protected by attorney client privilege). The Court can find no documents that are even remotely relevant to United Heritage's claim that FAMI was using its counsel to commit a fraud.

This same analysis applies to the notes of FAMI's insurance adjustor Alice Lloyd. These notes were produced, except that those portions where Lloyd revealed communications with Bailey were redacted. The Court finds that proper, as her communications with Bailey are protected by the attorney client privilege.

Based on these findings, the Court will deny United Heritage's motion to compel and grant the motion to quash subpoena filed by FAMI.

**Memorandum Decision & Order - 3**

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to compel filed

by United Heritage (docket no. 22) is DENIED.

IT IS FURTHER ORDERED, that the motion to quash subpoena filed by FAMI

(docket no. 21) is GRANTED.



DATED:  **March 23, 2011**

Honorable B. Lynn Winmill
Chief U. S. District Judge