Jeffrey A. Thomson
Craig R. Yabui
ELAM & BURKE, P.A.
251 E. Front St., Ste. 300
P.O. Box 1539
Boise, Idaho 83701
Telephone: (208) 343-5454
Facsimile: (208) 384-5844
jat@elamburke.com
cry@elamburke.com
Thomson ISB #3380
Yabui ISB #7706

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED HERITAGE PROPERTY AND CASUALTY COMPANY, an Idaho corporation,<br><br>   Plaintiff,<br><br>vs.<br><br>FARMERS ALLIANCE MUTUAL INSURANCE COMPANY, foreign corporation,<br><br>   Defendant. | Case No. 1:10-cv-00456-S-WBS<br><br>FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL |

  The Plaintiff, United Heritage Property and Casualty Company ("United Heritage") and

for causes of action against the above-named Defendant, Farmers Alliance Mutual Insurance

Company ("Farmers Alliance"), complains and alleges as follows:

FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL – 1

## PARTIES

1.  United Heritage is, and was at all relevant times, an Idaho corporation authorized to transact insurance business within the state of Idaho with its principal business place of business in the city of Meridian, county of Ada, state of Idaho.

2.  Farmers Alliance was at all relevant times a Kansas corporation authorized to transact insurance business within the state of Idaho.

3.  In July and August of 2010, Rentmaster of Rexburg; Rentmaster, LLC; Blair Dance, individually; Laurie Dance, individually; Ron Jaques, individually; and Kimberly Jaques, individually, executed an assignment of any and all claims or causes of action that they individually or collectively have against Farmers Alliance.

## JURISDICTION AND VENUE

4.  This Court has jurisdiction over Farmers Alliance pursuant to Idaho Code § 5-514 because at all relevant times, Farmers Alliance transacted business within the state of Idaho, contracted for insurance within the state of Idaho, registered as a foreign insurance company and appointed as its registered agent the Department of Insurance of Idaho and a policy of insurance was issued and delivered to and received by an insured in the state of Idaho.

5.  Jurisdiction is also proper under Idaho Code Sections 1-705 and 10-1201, *et seq*. This case is properly before this Court because the amount in controversy, exclusive of costs and attorney fees, exceeds this Court's jurisdictional requirements.

6.  Venue is proper in Ada County pursuant to Idaho Code Section 41-1838 because the causes of action, or some of them, arose in Ada County.

FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL – 2

## GENERAL ALLEGATIONS

7. On or about April 9, 2003, husband and wife, Connie and Fabricio Zarate, and their daughter, Kiana Zarate (collectively the "Zarates"), leased an apartment in St. Anthony, Idaho.

8. The apartment leased by the Zarates was owned by David Leroy Beddes, Sr., David Leroy Beddes, Jr., and/or a partnership named Beddes & Beddes (collectively the "Beddeses").

9. At the time the apartment was leased to the Zarates, it was being managed by Rentmaster of Rexburg ("Rentmaster"), under a Property Management Agreement executed by the Beddeses and Rentmaster on or about February 10, 2003.

10. On April 10, 2003, Kiana Zarate fell into a stairwell and suffered injuries, allegedly including a fractured skull and permanent brain damage.

11. Connie and Fabricio Zarate brought claims on behalf of their daughter Kiana Zarate for damages against the Beddeses.

12. Kiana Zarate, through her parents, settled the claims against the Beddeses for policy limits of $300,000.00 under a policy issued to the Beddeses, or certain of them, by Farmers Alliance.

13. The Release and Settlement Agreement negotiated and executed by and between the Beddeses, their insurer Farmers Alliance, and the Zarates expressly and specifically excluded Rentmaster and associated individuals and entities. The relevant language from the Release and Settlement Agreement provides:

FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL – 3

> This release is not intended to release any other tortfeasor, whether deemed a separate tortfeasor or joint tortfeasor with David L. Beddes, and **is specifically intended to exclude and does hereby exclude Rentmaster of Rexburg, any of its owners, or assigns as possible tortfeasor in this matter of Releasors**. Such claims are specifically reserved and are not compromised or released by his document.

(Emphasis added.)

14. By settling with the Zarates, Farmers Alliance protected one insured's personal assets (the Beddeses) and by doing so exposed another insured (Rentmaster) to an excess judgment, put Rentmaster's assets at issue and financed the Zarates' lawsuit against Rentmaster, all to the extreme prejudice of Rentmaster. Had Farmers Alliance acknowledged Rentmaster as an insured, Farmers Alliance could have settled the Zarates' claims in their entirety at that stage of the litigation either for policy limits plus a contribution from the Beddeses at a time when they had assets.

15. On April 4, 2006, Connie Zarate filed, on behalf of her daughter Kiana Zarate, a lawsuit against Rentmaster for negligence, captioned as *Kiana Zarate, a minor, through her natural mother and guardian, Connie Zarate, Plaintiffs vs. Rentmaster of Rexburg, LLC, Defendants*, Madison County Case Number CV-06-268 (hereinafter the "Lawsuit"). The Zarates later added as parties Defendant Rentmaster, LLC, Blair Dance and Laurie Dance.

16. Subsequently, a Third-Party Complaint was filed, captioned as *Rentmaster of Rexburg, LLC, Third-Party Plaintiff vs. David Leroy Beddes, Sr. and David Leroy Beddes, Jr., individually and Beddes & Beddes, partnership, Third-Party Defendants*.

FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL – 4

17.     On numerous occasions after the initiation of the Lawsuit, counsel for Rentmaster requested a copy of the Beddeses' Farmers Alliance policy due to Rentmaster's third-party claims against the Beddeses.

18.     Subsequent to the settlement of the Zarates' claim against the Beddeses and the filing of the Lawsuit, it was discovered, despite the Beddeses' and Farmers Alliance's continuing refusal to provide a copy of the Farmers Alliance policy and declarations page, that Rentmaster and associated entities and individuals were also insureds under the Farmers Alliance policy.

19.     Upon discovering that Rentmaster, et al., were also insureds under the Farmers Alliance policy and upon the realization that Farmers Alliance had not provided a defense to Rentmaster, failed to keep Rentmaster's best interests in mind and exposing Rentmaster, the Dances and successors and assigns to the potential of an excess judgment, Rentmaster, et al., tendered the defense of the Lawsuit to Farmers Alliance and demanded indemnity for any claims brought by the Zarates.

20.     Under policy number BIP-39611, Rentmaster had insurance with United Heritage on the date of Kiana Zarate's accident.

21.     Upon presentation of the claims by the Zarates against Rentmaster, et al., United Heritage, unaware that there was a primary insurance policy covering Rentmaster, stepped in and provided a defense.

22.     Ultimately, a copy of the Farmers Alliance policy was obtained by Rentmaster wherein Rentmaster discovered for the first time that it was an insured under the Farmers Alliance policy. The relevant language from the Farmers Alliance policy provides:

FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL – 5

> **C. Who Is An Insured**
> ...
> 2. Each of the following is also an insured:
> ...
> b. Any person (other than your "employee"), or any organization while acting as your real estate manager.

(Emphasis in original.)

23. Farmers Alliance never reserved its rights to deny Rentmaster coverage under the Farmers Alliance policy.

24. United Heritage and Rentmaster, upon learning of the Farmers Alliance primary policy, tendered the defense of the lawsuit to Farmers Alliance and demanded a refund of attorney fees and costs incurred to date and payment of any indemnity dollars required to be paid by United Heritage in order to protect Rentmaster, et al.

25. United Heritage, due to the failure of Farmers Alliance to protect its own insured, and in keeping with its actions as an excess insurer, on behalf of Rentmaster, et al., attempted to settle the Zarates' claims. However, because of the existence of the Release and Indemnity Agreement between and among the Beddeses, Farmers Alliance and the Zarates, the Zarates were unwilling to accept the settlement offer.

26. By requiring the Zarates to "indemnify" the Beddeses and/or Farmers Alliance against claims made against the Beddeses or Farmers Alliance, the Zarates felt they could not settle their claims against Rentmaster, et al., without exposing themselves to a lawsuit or the payment of all or a portion of the settlement funds offered by United Heritage over to the Beddeses or Farmers Alliance. As a consequence of the Beddeses and Farmers Alliance demand that any claims brought against it by Rentmaster, et al., or United Heritage be indemnified by the

Zarates, a settlement was wrongfully delayed and Farmers Alliance's other insured, Rentmaster, et al., continued to be exposed to an excess judgment.

27.     Farmers Alliance has failed to defend, protect, and indemnify Rentmaster, has violated its duties to its insured, has actively worked to increase the liability exposure of Rentmaster throughout the lawsuit and has actively worked against the best interests of its insured, Rentmaster.

## COUNT I
### (Subrogation – United Heritage Against Farmers Alliance)

28.     United Heritage incorporates by reference, as though fully set forth herein, paragraphs 1 through 27.

29.     The insurance policy issued by Farmers Alliance constitutes a valid, binding, and enforceable contract of insurance between Farmers Alliance and Rentmaster, who is an insured under the policy, based on its status as an organization acting as a real estate manager for the named insured.

30.     The insurance policy issued by Farmers Alliance is a primary insurance policy with respect to the accident involving Kiana Zarate.

31.     The insurance policy issued by United Heritage to Rentmaster is an excess policy of insurance with respect to the accident involving Kiana Zarate.

32.     Farmers Alliance had the primary duty to defend Rentmaster against the allegations in the Lawsuit and pay all defense costs including attorney fees.

33.     Farmers Alliance also had a duty to indemnify Rentmaster, which it failed to do.

34.     Defense costs and indemnity paid on behalf of Rentmaster were reasonable.

35. Farmers Alliance breached these duties causing United Heritage to provide a defense, pay all defense costs incurred in defending Rentmaster against the allegations in the Lawsuit and exhaust its excess policy limits in order to protect Rentmaster.

36. Rentmaster has an existing assignable cause of action against Farmers Alliance that it could have asserted on its own behalf had Rentmaster not been provided with a defense or indemnified by United Heritage as the excess insurer.

37. Justice demands that the defense costs and indemnity loss be shifted from United Heritage to Farmers Alliance.

38. As a result of paying for the defense and indemnity of Rentmaster, United Heritage has a claim for equitable subrogation against Farmers Alliance and may recover all amounts advanced for the defense and indemnity of Rentmaster.

## COUNT II
### (Breach of Contract (Breach of Duty to Defend) – United Heritage as Assignee of Rentmaster Against Farmers Alliance)

39. United Heritage incorporates by reference, as though fully set forth herein, paragraphs 1 through 38

40. The insurance policy issued by Farmers Alliance constitutes a valid, binding, and enforceable contract of insurance between Farmers Alliance and Rentmaster, who is an insured under the policy, based on its status as an organization acting as a real estate manager for the named insured.

41. As a result of the Rentmaster Assignment, United Heritage possesses Rentmaster's, the Dances', and their successors' and assigns' rights, title, and interest in any and

all claims or causes of action that they, individually or collectively, may have against Farmers Alliance and/or the Beddeses to recover under the Farmers Alliance policy.

42.     Pursuant to the Farmers Alliance policy, Farmers Alliance owed Rentmaster a duty to defend the claims brought against Rentmaster by the Zarates.

43.     Without legal excuse, Farmers Alliance breached the duty to defend Rentmaster by failing to provide Rentmaster with defense counsel or to pay any of Rentmaster's defense costs.

44.     Farmers Alliance's breach of the duty to defend was a material breach because one of the fundamental purposes of the Farmers Alliance policy was to provide Rentmaster with a defense for claims such as the ones brought by the Zarates.

45.     As a result of Farmers Alliance's breach of the duty to defend, Rentmaster incurred damages, including attorney fees and costs incurred in defending the Zarates' claims and prejudgment interest.

## COUNT III
### (Breach of Contract (Duty to Indemnity) – United Heritage as Assignee of Rentmaster Against Farmers Alliance)

46.     United Heritage incorporates and realleges all of the allegations contained in paragraphs 1 through 45.

47.     As a result of the Rentmaster Assignment, United Heritage possesses Rentmaster's, the Dances', and their successors' and assigns' rights, title, and interest in any and all claims or causes of action that they, individually or collectively, may have against Farmers Alliance and/or the Beddeses to recover under the Farmers Alliance policy.

FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL – 9

48.     Pursuant to the Farmers Alliance policy, Farmers Alliance owed Rentmaster a duty to indemnify the claims brought against Rentmaster by the Zarates.

49.     Without legal excuse, Farmers Alliance breached the duty to indemnify Rentmaster by expressly and specifically excluding Rentmaster from the settlement it reached with the Zarates.

50.     As a result of Farmers Alliance's breach of the duty to indemnify, Farmers Alliance provided no indemnity to Rentmaster.

51.     Farmers Alliance's breach of the duty to indemnify was a material breach because one of the fundamental purposes of the Farmers Alliance policy was to provide Rentmaster with indemnification for claims such as the ones brought by the Zarates.

52.     As a result of Farmers Alliance's breach of the duty to indemnify, Rentmaster was exposed to an excess judgment and incurred damages, which include amounts that should have been paid by Farmers Alliance, on behalf of Rentmaster, under the Farmers Alliance policy.

## COUNT IV
### (Bad Faith – United Heritage as Assignee of Rentmaster Against Farmers Alliance)

53.     United Heritage incorporates by reference, as though fully set forth herein, paragraphs 1 through 52.

54.     As a result of the Rentmaster Assignment, United Heritage possesses Rentmaster's, the Dances', and their successors' and assigns' rights, title, and interest in any and all claims or causes of action that they, individually or collectively, may have against Farmers Alliance and/or the Beddeses to recover under the Farmers Alliance policy.

FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL – 10

55. Farmers Alliance intentionally and unreasonably denied and delayed payment to Rentmaster.

56. Rentmaster's claims for defense and indemnity were not fairly debatable.

57. Farmers Alliance's denial and delay were not the result of a good faith mistake.

58. The resulting harm is not fully compensable by contract damages.

59. As a direct and proximate result of the bad faith handling of Rentmaster's claim, Rentmaster has suffered damages in the amount of $200,000.00, the amount paid to settle the Zarates' lawsuit in excess of Farmers Alliance's policy limits, lost business opportunities, harm to credit, and other tort damages in an amount to be proven at trial.

## COUNT V
### (Intentional Infliction of Emotional Distress – United Heritage as Assignee of the Dances Against Farmers Alliance)

60. United Heritage incorporates by reference, as though fully set forth herein, paragraphs 1 through 59.

61. Farmers Alliance's conduct in failing to inform Rentmaster that it was an insured, favoring the interests of one insured over its other insured, Rentmaster, by paying policy limits on behalf of one insured and specifically and expressly settling the other insured's claim while preserving the Zarates' claims against Rentmaster, failing to defend Rentmaster, and failing to indemnify it was intentional and/or reckless.

62. Farmers Alliance's conduct was extreme and outrageous.

63. As a direct and proximate result of the wrongful conduct due to its ignorance of its status as an insured under the Farmers Alliance policy, Rentmaster and the Dances initially tendered the Zarates' claims against them solely to United Heritage, not Farmers Alliance.

FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL – 11

64. As a direct and proximate result of the wrongful conduct, the Dances have suffered damages due to severe emotional distress in an amount to be proven at trial.

## COUNT VI

**(Fraud – Misrepresentation – United Heritage on its Own Behalf and as Assignee of Rentmaster Against Farmers Alliance)**

65. United Heritage incorporates by reference, as though fully set forth herein, paragraphs 1 through 64.

66. As a result of the Rentmaster Assignment, United Heritage possess Rentmaster's, The Dances', and their successors' and assigns' rights, title, and interest in any and all claims or causes of action that they, individually or collectively, may have against Farmers Alliance and/or the Beddeses to recover under the Farmers alliance policy.

67. Through its failure to produce a copy of the Farmers Alliance policy despite numerous prior requests and an obligation to do so, Farmers Alliance concealed Rentmaster's status as an insured under the Farmers Alliance policy and by its actions represented that Rentmaster was not an insured under the Farmers Alliance policy.

68. Farmers Alliance's statement and/or omission was false in that Rentmaster was clearly an insured under the Farmers Alliance policy.

69. Rentmaster's status as an insured under the Farmers Alliance policy was material because it determined who was responsible for the defense and indemnity of the claims brought by the Zarates.

70. Farmers Alliance either knew the statement or omission was false or was recklessly unaware of whether the statement or omission was true at the time the statement or omission was made.

71. Neither Rentmaster nor United Heritage knew that Rentmaster was an insured under the Farmers Alliance policy or that Farmers Alliance was the primary insurer for the Kiana Zarate accident due to Farmers Alliance's concealment and deception.

72. Both Rentmaster and United Heritage relied upon the statement or omission and acted upon it in a manner reasonably contemplated by them by proceeding to tender the claims to United Heritage, by United Heritage proceeding to defend against the Lawsuit without Farmers Alliance's involvement and by United Heritage indemnifying Rentmaster.  This reliance was reasonable because failing to defend against the Lawsuit or indemnify Rentmaster would have been detrimental to all.

73. United Heritage and Rentmaster suffered damages proximately caused by reliance on the false statement and/or omission.

74. United Heritage and Rentmaster suffered damages in the form of emotional distress, loss of business opportunities, payments of amounts in excess of Farmers Alliance's policy limits and payment of defense costs in an amount to be proven at trial.

### COUNT VII
**(Unjust Enrichment – United Heritage on its Own Behalf Against Farmers Alliance)**

75. United Heritage incorporates by reference, as though fully set forth herein, paragraphs 1 through 74.

76. There is no written agreement between United Heritage and Farmers Alliance.

FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL – 13

77.     United Heritage provided a benefit to Farmers Alliance in the form of providing a defense to Rentmaster which was owed by Farmers Alliance, paying defense costs which were the obligations of Farmers Alliance and indemnifying Rentmaster in an amount in excess of Farmers Alliance's policy limits, an amount owed by Farmers Alliance.

78.     Farmers Alliance accepted the benefits of United Heritage stepping in as excess insurer to provide the duties and obligations and pay defense costs and indemnity, all of which were owed by Farmers Alliance.

79.     Under the circumstances, it would be unjust for Farmers Alliance to retain the benefits without compensating United Heritage for their value which will be determined at trial.

## COUNT VIII
### (Declaratory Judgment Re: Duties Owed by Farmers Alliance)

80.     United Heritage incorporates by reference, as though fully set forth herein, paragraphs 1 through 79.

81.     An actual, justiciable controversy exists between United Heritage and Farmers Alliance as a consequence of Farmers Alliance's refusal to defend and indemnify Rentmaster pursuant to the terms of the Farmers Alliance policy.  A declaration by this Court on the respective rights and liabilities under the Farmers Alliance policy will resolve the controversy.

82.     Neither United Heritage nor Farmers Alliance has sought any previous adjudication of the respective rights and liabilities under Farmers Alliance's policy.

83.     Farmers Alliance violated and/or failed in its duties under the Farmers Alliance policy including, but not limited to, its duties to defend and indemnify Rentmaster.  Farmers

Alliance owes to Rentmaster a right to a defense and indemnification. A declaration by this Court to that effect will help resolve this controversy.

## RIGHT TO AMEND

United Heritage reserves the right to amend this complaint in any respect as motion practice and discovery proceed in this matter.

## DEMAND FOR JURY TRIAL

United Heritage demands a jury trial pursuant to Idaho Rule of Civil Procedure 38.

## PRAYER FOR RELIEF

United Heritage demands judgment and relief as follows:

1. For a declaratory judgment finding that Rentmaster is entitled to a defense and indemnity under the terms of the Farmers Alliance policy;

2. For an award of money damages against Farmers Alliance representing the full and fair amount of compensation for all special, general, consequential losses, and tort damages suffered by Rentmaster and United Heritage in an amount to be determined at trial;

3. Reasonable attorney fees and costs of suit pursuant to Idaho Code Section 41-1839;

4. For prejudgment interest under each of the losses suffered by Rentmaster and United Heritage as provided by Idaho Code Section 28-22-104;

5. For punitive damages; and

6. For such other and further relief as the Court deems just and proper.

DATED this __10th__ day of February, 2012.

                                                        ELAM & BURKE, P.A.

                                         By: /s/ Jeffrey A. Thomson
                                               Jeffrey A. Thomson, of the firm
                                               Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the __10th__ day of February, 2012, I electronically filed the foregoing instrument with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following persons via email:

  Thomas B. High
  Bren E. Mollerup
  Benoit, Alexander Harwood & High, LLP

                                               /s/ Jeffrey A. Thomson
                                             Jeffrey A. Thomson