UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

----oo0oo----

| | |
|---|---|
| UNITED HERITAGE PROPERTY AND CASUALTY COMPANY, an Idaho corporation,<br><br>    Plaintiff,<br><br>  v.<br><br>FARMERS ALLIANCE MUTUAL INSURANCE COMPANY, a foreign corporation,<br><br>    Defendant.<br>_____/ | NO. CIV. 1:10-456 WBS<br><br><u>MEMORANDUM AND ORDER RE: MOTION IN LIMINE</u> |

----oo0oo----

Plaintiff United Heritage Property and Casualty Company ("United Heritage") brought this action against defendant Farmers Alliance Mutual Insurance Company ("FAMI"), arising out of FAMI's refusal to accept United Heritage's tender of an insurance-related suit (the "Zarate case") on behalf of its insured, Rentmaster of Rexburg ("Rentmaster"). Presently before the court is FAMI's motion in limine to exclude evidence of or any reference to damages claimed by plaintiff. (Docket No. 88.)

1

Plaintiff seeks to introduce evidence at trial concerning damages in the form of policy limits paid by plaintiff on behalf of Rentmaster in the underlying Zarate case.  Defendant argues that evidence relating to plaintiff's policy coverage of Rentmaster is inappropriate because plaintiff has been reimbursed for such payments by its own reinsurer.  Defendant therefore moves to prevent plaintiff from offering this evidence pursuant to Federal Rule of Evidence 402.

Federal Rule of Evidence 402 states that:
> All relevant evidence is admissible except as otherwise provided by the Constitution of the United States, by act of Congress, by these rules or other rules prescribed by the Supreme Court pursuant to statutory authority.  Evidence which is not relevant is not admissible.

Fed. R. Evid. 402.  Defendant argues that evidence regarding money paid by plaintiff to settle the underlying Zarate case is not relevant because plaintiff has been compensated for the payments, meaning that the evidence is not relevant in calculating damages.  Defendant further argues that compensating plaintiff for the payments would result in a "windfall" for plaintiff. (Mem. in Supp. of Mot. In Limine Regarding Proof of Pl.'s Damages at 3 (Docket No. 88-1).)

The court has previously held that plaintiff, as Rentmaster's excess insurance carrier, has the ability to assert claims for breach of duty to defend and breach of duty to indemnify, via equitable subrogation, against defendant, Rentmaster's primary insurance carrier. (Sept. 22, 2011, Order at 18:9-19:7 (Docket No. 71.))  The only issue before the court in this motion in limine, therefore, is whether plaintiff's reinsurance policy affects plaintiff's ability to assert its

damages claim.

Defendant presents evidence regarding plaintiff's reinsurance policy to prove that plaintiff is not required to reimburse its reinsurer for any money that it receives in the present case.  Defendant specifically contends that the policy only requires plaintiff to reimburse its insurer for salvage rights and that "there is no mention of reimbursement for subrogation rights."  (Mem. in Supp. of Mot. In Limine Regarding Proof of Pl.'s Damages at 4.)  Defendant argues that because plaintiff does not have to reimburse its reinsurer, awarding it damages based on its payments to settle the Zarate case would result in a windfall for plaintiff.

The court has reviewed the reinsurance policy and concludes that defendant's interpretation of the policy is mistaken.  The relevant portion of the reinsurance policy states:

> **Article VIII -- Salvage and Subrogation**
>
> The Reinsurer shall be credited with salvage (i.e. reimbursement obtained or recovery made by the Company, less the actual cost, excluding salaries of officials and employees of the Company and sums paid to attorneys as retainer, of obtaining such reimbursement or making such recovery) on account of claims settlements involving reinsurance hereunder. . . . The Company hereby agrees to enforce its rights to salvage or subrogation relating to any loss, a part of which loss was sustained by the Reinsurer, and to prosecute all claims arising out of such rights.

(High Aff. Ex. A at 6 (Docket No. 88-2).)  Although the policy does not specifically state in a single sentence that subrogation claims must be credited back to the reinsurer, the article read as a whole strongly suggests such a conclusion.  The article specifically addresses subrogation, the policy clearly requires plaintiff "to enforce . . . subrogation" rights and "to prosecute

all claims arising out of such rights," and the policy's definition of "salvage" encompasses any "reimbursement obtained or recovery made by the Company." (Id.)  There would be no purpose in requiring plaintiff to enforce its subrogation rights if the proceeds from such rights were not required to be credited back to the reinsurer.  The plain language of the reinsurance contract therefore suggests that awarding plaintiff damages for any violations of defendant's right would not result in a windfall for plaintiff because at least a portion of the monies would be credited to plaintiff's reinsurer.

Defendant fails to provide authority, and this court is unable to find any, suggesting that an excess carrier's reinsurance policy functions to prevent it from pursuing subrogation against the primary insurer.  The existence of plaintiff's reinsurance policy does not change the nature of Rentmaster's assignment of its claims to plaintiff.  The result of adopting such a policy would be to provide a windfall to primary insurers that breach their duties in circumstances in which the excess insurer has the foresight to carry its own insurance.

Even if plaintiff's damages evidence is relevant, defendant contends that it should be excluded pursuant to Federal Rule of Evidence 403.  Rule 403 provides that, "although relevant, evidence may be excluded if the probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. . . ."  Fed. R. Evid. 403.  Defendant argues that the damages evidence would mislead and confuse the jury to think that the settlement payment

was an out of pocket expense for plaintiff.  (Mem. in Support of Mot. In Limine Regarding Proof of Pl.'s Damages at 4.)  As discussed above, which insurer actually made the payments is irrelevant for the purposes of the jury trial because plaintiff's reinsurance policy requires it to pursue subrogation in the present action.  The presentation of such evidence is therefore unlikely to result in unfair prejudice or the jury being confused or mislead.

　　　　IT IS THEREFORE ORDERED that defendant's motion in limine regarding proof of plaintiff's damages be, and the same hereby is, DENIED.

DATED:  February 27, 2012

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE